Howell, J.
This is an action for slander and libel, to which the defendants pleaded the exception of no cause of action, in that i‘a corporation can not he made responsible for damages ex deUeto,” and they rely on article 443 B. C. C., which says: “A corporation can not commit the crime of treason, or any other offense in its corporate capacity, although its members may be gnilty of those crimes in their individual and respective capacities.”
This article does not, in our opinion, protect corporations from civil prosecutions for damages ex deUeto.
In applying the above and the three preceding articles, this court said, in the case of Etting v. Commercial Bank of New Orleans, 7 R. 463, cited by defendants: “ The true rule seems to be that when the agent, acting in the capacity bestowed upon him by the corporation, and in discharge of some duty or employment directed by the employer or incidental to his situation, does an act that causes damage to an individual, the body corporate is responsible.”
That corporations have been held responsible for acts done by their agents, ex contractu and ex deUeto, is shown by numerous reported decisions throughout this and foreign countries.
In Townsend on Slander and Libel, section 265, it is said : “If an officer or agent of a corporation is guilty of slander, he is personally liable, and no liability results to the corporation. But as all concurring in the authorship or publication óf a libel are alike responsible as publishers, there is nothing to prevent a corporation from being in law the publisher oí a libel, and from being held liable as such publisher. A corporation may sanction the publication of a libel, and in such case the corporation is the publisher of the libel, and liable in like manner *368 as an individual; nob because, as is sometimes said, a corporation may act with malice, but because it has a capacity for voluntary action, and is responsible for such action. It is as possible for a corporation as for an individual to act maliciously, i. e., with a bad intent. Accordingly, it has been held that a corporation aggregate may well, in its corporate capacity, cause the publication of a defamatory statement under such circumstances as would imply malice, in law, sufficient to support the action; and there may be circumstances by which express malice in fact might be proved, such as to mase a corporation aggregate liable therefor in its corporate capacity.”
The allegations of the petition bring this case within this principle, the defamatory expressions being contained in an answer filed on behalf of the defendants in a suit against them.
It is therefore ordered that the judgment appealed from be reversed, that the exception be overruled and the case remanded to be proceeded in according to law. Costs of appeal to be paid by appellees.